**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**NORFOLK DIVISION**

In re:   JUNE LAURIE ROUNTREE

        Debtor,                                      Case No.: 01-21480-SCS
                                                                          Chapter 7

JUNE LAURIE ROUNTREE                          APN: 09-07057

        Plaintiff,

v.

PAMELA NUNNERY and
PAUL KLEIN

        Defendants.

**PLAINTIFF'S BRIEF IN SUPPORT OF**
**MOTION FOR SUMMARY JUDGMENT**

Bankruptcy Rule 7056 provides that Rule 56 of the Federal Rules of Civil Procedure applies in adversary proceedings.

The Fourth Circuit Court of Appeals has articulated the standards by which this Court must measure a motion for summary judgment.

    Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  Where a case is "decided on summary judgment, there have not yet been factual

---

Anthony F. Radd, Esquire (VSB#15438)
Steven L. Brown, Esquire (VSB#23740)
Counsel for June Laurie Rountree
Wolcott Rivers Gates
301 Bendix Road, Suite 500
Virginia Beach, Virginia 23452
(757) 497-6633

> findings by a judge or jury, and [the appellant's] version of events…differs substantially from [the appellee's,]…courts are required to view the facts and draw reasonable inferences in the light most favorable to the party opposing the …motion." *Scott v. Harris*, 550 U.S. 372, 127 S. Ct. 1769, 1774, 167 L. Ed. 2d 686 (2007) (international quotation marks and alterations omitted).
>
> However, "[a]t the summary judgment stage, facts must be viewed in the light most favorable to the nonmoving party only if there is a 'genuine' dispute as to those facts." *Id.* at 1776 (quoting Fed. R. Civ. P. 56(c)). Moreover, "the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact…Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48, 106 S. Ct. 2505, 91 L. Ed 2d 202 (1986) (emphasis in original).

*Cloaninger ex rel. Estate of Cloaninger v. McDevitt*, 555 F. 3d 324, 332 (4th Cir. 2009).

Section 727(b) of the Bankruptcy Code states that a discharge "discharges the debtor from all debts that arose before the date of the order for relief under this chapter…". The term "debt" means "liability on a claim." 11 USC § 101 (12). A "claim" means a "right to payment." 11 USC § 101 (5).

Once the Debtor received her discharge, the debt owing to Nunnery was discharged, and she no longer had any "liability on a claim" to Nunnery. Therefore, Nunnery did not have a claim. Nunnery lost her right to payment upon the Debtor's discharge in bankruptcy.

*Collier on Bankruptcy* states that "Section 524(a)(2) specifies that a discharge granted a debtor under §727… operates as an *injunction* against the commencement or continuation of an action, the employment of process, or an act….to collect, recover or offset any discharged debt…". ¶524.01, p. 524-11 (emphasis added).

In addition, "a prepetition judgment that has been made void by Section 524(a) cannot be the basis for a creditor obtaining a lien on property that was *not* subject to a lien *before* bankruptcy.

2

Nor may a creditor proceed *in rem* against a property interest of the debtor if the creditor had no lien before the bankruptcy case and the debtor's personal liability has been discharged." *Id.,* pgs. 524-13, 14 (emphasis added). In the instant case, Nunnery did not have a prepetition judgment, and did not have a lien on the Debtor's real property before bankruptcy. Therefore, Nunnery cannot proceed *in rem* against any property interest of the Debtor.

Since Nunnery has no claim or right to payment against Rountree, based on the bankruptcy discharge, Nunnery cannot be a "creditor" and therefore cannot bring a state court action based on a real estate transfer that occurred nearly a year and a half *after* the bankruptcy filing. Courts in Arizona, North Carolina, New York, Georgia, North Dakota, Massachusetts, and the Ninth Circuit Court of Appeals have all so ruled. There are no cases holding to the contrary. The plain meaning of the terms "claim," "creditor," and "debt" in both the Bankruptcy Code and UFTA (Uniform Fraudulent Transfer Act) lead to no other holding.

The UFTA requires a "valid claim" be in existence at the time of the alleged fraudulent transfer. "First, to set aside a transfer as fraudulent, there must have been a valid claim at the time of the transfer, meaning a right to payment." *Hullet v. Cousin*, 204 Ariz. 292, 296; 63 P. 3d 1029, 1033, (2003). The Arizona Supreme Court cited the U.S. Supreme Court in *Cohen v. De La Cruz, 523 U.S. 213, 218 (1998),* where the term "right to payment" was held to mean "nothing more nor less than an *enforceable obligation*." (emphasis added).

There is no "enforceable obligation" in existence in the instant matter. Nunnery does not have an enforceable obligation.

The rationale for this rule is that "the UFTA is remedial; it does not create new claims." *Hullet v. Cousin*, 63 P. 3d at 1034. Thus, in Hullet a claim that was time-barred was not a "right to

3

payment." Similarly, a claim that was discharged in bankruptcy was not a right to payment, and the plaintiff did not have a valid right to payment at the time of the transfer. *Clark v. Rossow, 134 Ariz. 490, 657 P. 2d 903, (Ariz. App. 19820).* "Since the fraudulent conveyance complaint is predicated on an obligation claimed to be owing from the [defendants] to the [plaintiffs] and there is *no such obligation,* the trial court properly dismissed the complaint." *Id.* at 904. (emphasis added). Citing cases from Massachusetts and California, the court stated "the fraudulent conveyance act…does not create a new claim. If a claim does not exist there is no remedy." *Id.,* citing *Jorden v. Ball, 357 Mass. 468, 258 N.E. 2d 736 (1970); and Laidley v. Heigho, 326 F. 2d 592 (9th Cir. 1963).*

Just as in the instant case, the plaintiffs in *Clark* "were no longer creditors of" the defendant. "Only a creditor, that is, one having a claim, may attack a conveyance as fraudulent." *Id.* at 904.

The North Carolina Superior Court (Mecklenburg County) has also clearly enunciated this rule in *Lawrence v. UMLIC-Five Corp. et al., 207 NCBC Lexis 30 (2007).* The law is that "[r]elief under the UFTA is predicated on a party's status as a creditor at the time of the allegedly improper transfer." *Id. at 37*. There, the plaintiff had a judgment at the time of the transfer.

The Massachusetts Supreme Court also held that the uniform fraudulent conveyance act "is remedial. It provides a method by which the frustration of claims by a conveyance may be avoided, but it does *not* create new claims. To benefit from the rights it creates, a person must qualify as a 'creditor,' defined in the act as a person having any claim, whether matured or unmatured, liquidated or unliquidated, absolute, fixed or contingent…The remedy is incidental to the claim. If the claim is not established, then the whole proceedings fail, and the bill must be

4

dismissed." *Jorden v. Ball*, 258 N.E. 2d at 737.

The Ninth Circuit Court of Appeals similarly ruled that only a lawful and existing "creditor" could bring a fraudulent conveyance action against a transferee from the debtor. Laidley v. Heigho, 326 F. 2d 592 (9th Cir. 1963). In *Laidley,* the claim of the "creditor" was time barred by the statute of limitations. As such, there was no "debt" owed by the debtor, and no "lawful claim" or right to payment by the plaintiff. Therefore the plaintiff had no right to relief under the fraudulent conveyance act and his complaint was dismissed.

If the claim is unenforceable at the time the transfer is made, the plaintiff is not a creditor under the act (UFTA), and the transfer is not fraudulent as to that creditor. Just as a claim which is barred by the statute of limitations is unenforceable, so also is a claim which has been discharged in bankruptcy.

Nunnery is attempting to usurp the Bankruptcy Court's authority and jurisdiction by bringing her North Carolina fraudulent conveyance action. Nunnery's counsel has written "the claims in this (North Carolina) action are based upon the transfer of property in fraud of *the judgment creditors, the bankruptcy court, and others…*". (See Defendant Klein's state court pleading, Response of Plaintiff to Suggestion of Bankruptcy, Response No. 5, dated April 14, 2009, attached as Exhibit A, emphasis added).

Further proof of Defendants Nunnery and Klein's abuse and disregard of the Bankruptcy Court's jurisdiction is evident in their North Carolina Fraudulent Conveyance Complaint, where they seek to have the sale-transfer proceeds deposited with the North Carolina Clerk of Court on behalf of "the creditors of defendant Rountree," and "to be held for distribution to the creditors of defendant Rountree, including plaintiff." (See N.C. Complaint , prayer 3, page 6, attached as

5

Exhibit B).

Nunnery, however, is no longer a "creditor" of Rountree because of the bankruptcy discharge. Nunnery simply cannot bring a state fraudulent conveyance action. It is an egregious, unlawful, and willfull action by Nunnery and Klein contrary to law and the discharge injunction of the Bankruptcy Code.

The three cases cited by Defendants in their prior memorandum are not applicable to, and are totally distinguishable from, the facts of the instant case.

In each of the cited cases, there was only a pre-petition transfer made, NOT a post-petition transfer, and certainly not one made nearly one and one-half (1 ½) years later, as in the instant case.

In *National Union v. Grusky*, 273 So. 2d 1206 (Fla. App. Dist. Ct. 2000), a judgment was obtained in July 1995, the alleged fraudulent transfer occurred in September 1995, and the bankruptcy filing was in November 1995. In *Roberson v. Johnson*, 950 So. 2d 317 (Ala. App. 2006), the bankruptcy filing was in November 2002, and the alleged fraudulent transfer occurred between September 2001 and prior to the bankruptcy filing. In each case, the transfer in question occurred while the party held a valid claim and an enforceable obligation at the time of transfer. In *Grusky*, the creditor had a pre-bankruptcy judgment against the debtor. In *Roberson*, the creditor held an enforceable claim at the time of the transfer.

In *In re Integrated Agri, Inc.*, 313 B.R. 419, 427 (Bkr. C. D. Ill., 2004), the court specifically limited a creditor's UFTA action to only *prepetition* transfers: "A creditor has no standing to begin or continue a state UFTA claim to recover *prepetition transfers* fraudulently made until and unless the trustee relinquishes the section 544(b) claim or the trustee no longer has a viable cause of action." (emphasis added). The court also illustrated the continuing illegality

6

and abuse of the bankruptcy system by Klein and Nunnery (since October 31, 2003) by stating: "The commencement of bankruptcy gives the trustee the right to pursue recovery of fraudulently conveyed assets *to the exclusion of all creditors*." *Id.* (emphasis added). Defendants Klein and Nunnery plainly violated this exclusive requirement by filing their UFTA complaint in North Carolina in October 2003, one month after the Chapter 7 Trustee filed his Complaint to avoid the same transfer.

It is also instructive to note, that in all three cited cases, the bankrupt debtor was *never* a defendant in the UFTA suit, unlike in the instant case, where Nunnery and Klein continue to abuse the Debtor and willfully disregard the Bankruptcy Court's jurisdiction and authority.

The two state court cases were also only intermediate appellate court opinions, neither one a state supreme court decision. The sole case cited as authority in <u>Roberson</u> was <u>Grusky</u>. Each case was also decided at the trial court level in favor of the defendants and against both creditors. Each state intermediate court also attempted to analyze 11 U.S.C. §524, which was certainly not within its qualifications, expertise or jurisdiction.

Regardless of these minority and isolated cases, which are without further precedent or higher support, those cases involve a pre-bankruptcy transfer, made while an existing creditor held a valid, enforceable claim. These facts are wholly inapplicable to the instant case and clearly distinguishable.

Pursuant to 11 U.S.C. §105(a), this Court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." As the bankruptcy court said in <u>Reed v. Coooper</u>, 405 B.R. 801, 804 (Bankr. N.D. Tex. 2009), a creditor is not allowed "to usurp the trustee's role as a representative of the estate (11 U.S.C. §323(a))---including being a

7

gatekeeper for what actions make sense and the evaluator of the potential benefits of litigation. A creditor is not a fiduciary."

In order to properly exercise its powers this Court may utilize §105(a) of the Bankruptcy Code to enjoin proceedings in other courts "if such proceedings may defeat or impair its jurisdiction." <u>In re Stein</u>, 314 B.R. 306, 311 (U.S. Dist. Ct.-D.N.J. 2004). <u>In re Tessmer</u>, Case No. 03-52631-JDW(Bkr.-M.D.Ga. 2005).

There are no genuine issues in dispute in the present case. Klein and Nunnery post-petition filed a state court action listing the Debtor as a defendant in an action while she was under this Court's protection. The N.C. state court lawsuit seeks to avoid a post-petition transfer that was the subject of the Trustee's Adversary Proceeding. At the time of the filing of the post-petition lawsuit, Nunnery did not have standing to commence the litigation. Nunnery filed the post-petition lawsuit to avoid a transfer to pay discharged debts of hers and other discharged creditors. Nunnery's and Klein's actions violate the Discharge Order and 11 U.S.C. §524. Pursuant to 11 U.S.C. §105(a), this Court has the power to enjoin the post-petition N.C. lawsuit and hold Nunnery and Klein in contempt of this Court's Order. As there are no genuine issues in dispute, the Debtor is entitled to summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure and F.R.B.P. Rule 7056.

JUNE LAURIE ROUNTREE

By: /s/ Steven L. Brown
Of Counsel

Anthony F. Radd, Esquire
Steven L. Brown, Esquire
Convergence Center
301 Bendix Road, Suite 500
Virginia Beach, VA 23452
(757) 497-6633

8

CERTIFICATION OF SERVICE

I hereby certify that on the 5th day of October, 2010, a true copy of the foregoing Plaintiff's Brief in Support of Motion for Summary Judgment was mailed or electronically transmitted to John Edwin Bedi, Esquire, Lake Center 1, 501 Independence Pkwy., Suite 102, Chesapeake, VA 23320, to Barry W. Spear, Trustee, 272 Bendix Road, Suite 130, Virginia Beach, VA 23452; to Paul I. Klein, Esquire, counsel for Pamela Nunnery, P.O. Box 221648, Charlotte, NC 28222-1648, and Pamela C. Nunnery, 119 Eastwind Drive, Archdale, NC 27263.

                                                /s/ Steven L. Brown